### No. 46
### DE WITT et al v. STATE
Ohio Supreme Court
No. 17782. Filed Dec. 20, 1922
Decided Nov. 13, 1923

For announcement of Decision, and verbatim syllabus in this case, see 1 Abs. 811. Full opinion to be published in 109 or 110 OS.

1283. WORKMEN'S COMPENSATION—Employer of five or more workmen considered, under 1465-61 GC., as an independent contractor—Classification and defining of employes, under this section, is constitutional—The provisions of 1465-74 GC., providing for determination of amount due injured workmen, by Industrial Commission, and penalty for non-payment of awards, are not repugnant to Art. XIV, Sec. 2, Fed. Const., nor Art. I, Sec. 16, Bill of Rights, Ohio Const.

JONES, J.

Epitomized Opinion

The State brought an action against De Witt and others to recover an award granted to a Mrs. Hurley by the Industrial Commission of Ohio. The evidence disclosed that the De Witts employed five or more workmen and had neglected to comply with the provisions of the Workmen's Compensation Act either by paying into the State Insurance Fund or by electing to pay compensation direct. Some time prior to the death of Harris the De Witts entered into a contract with one Watson whereby the defendants were to furnish a hay bailer and Watson was to bail the hay and procure the necessary employes for a certain consideration. Watson, the deceased, was employed by Harris to assist in bailing the hay,

## OHIO SUPREME COURT—Continued

and while so doing was so injured that he died. Upon the hearing of this claim the Industrial Commission awarded Mrs. Hurley compensation to the extent of $4,992.00. The Common Pleas directed a verdict in favor of the defendant, which was reversed by the Court of Appeals. In sustaining the judgment of the Court of Appeals, the Supreme Court held:

1. A person, himself employing five or more workmen regularly, is considered as the employer of the employe of an independent contractor within the meaning of par. 3 of 1465-61 GC., where the latter also employs five or more workmen regularly and has failed to pay into the fund, or to pay compensation direct, unless such employe or his legal representative or beneficiary has elected, after injury or death, to regard the independent contractor as the employer.

2. The Legislature has ample power, under the provisions of Sec. 35, Art. II, Ohio Const., to enact paragraph 3 of 1465-61 GC., classifying and defining employes of an independent contractor as employes of the principal contractor. Such paragraph is a valid constitutional law.

3. The provisions of 1465-74 of the GC., that when an injured employe, whose employer has failed to comply with the Workmen's Compensation Act, or his dependent, has filed application for compensation in place of filing a civil action, and compensation has been awarded by the Industrial Commission, the amount of the compensation which said board may determine to be due to such injured employe, or to his dependents in case death has ensued, shall be paid by such employer within ten days after receiving notice of the amount thereof; and in the event of failure, negligence or refusal of the employer to so pay, the same shall constitute a liquidated claim for damages against such employer, which with an added penalty of fifty per centum, may be recovered in an action in the name of the state for the benefit of the person or persons entitled to the same, is a valid and constitutional enactment, not repugnant to Sec. 1 of Art. XIV of the Federal Constitution, not to Sec. 16 of Art. I, of the Bill of Rights of the Ohio Constitution.

Wanamaker and Allen, JJ., dissent.

Attorneys—Hidy and Sanderson, Washington C. H., for DeWitt et al; C. C. Crabbe, Atty. Gen., Columbus, Ray R. Maddox, Pros., and Rankin & Rankin, Washington C. H., for State.